UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

James Derek Gorney,

                Plaintiff,

                                                          Civ. No. 10-2386 (RHK/JSM)

v.                                                            **ORDER**

Hansen Beverage Company, Cold Spring
Brewing Company, and Ball Corporation,

                Defendants.

---

       This matter is before the Court *sua sponte*.

       This is a personal-injury action in which Plaintiff James Derek Gorney alleges that he was injured by a piece of glass inside a can of Monster Energy Drink designed, produced, manufactured, distributed, and/or sold by Defendant Hansen Beverage Company ("Hansen"). Gorney commenced the action in June 2010 in Hennepin County, Minnesota District Court, claiming that the "small piece of glass" in the can caused "a sharp pain in his mouth" and "bleeding" for which he received medical treatment. He asserted claims for negligence, breach of warranty, and strict liability. Hansen later removed the action to this Court, invoking diversity jurisdiction – it averred that it is a California corporation with its principal place of business in California and that Gorney is a Minnesota citizen. (See Notice of Removal (Doc. No. 1) ¶ 5; Compl. ¶ 1.)[1]

---

[1] The Complaint actually alleged that Gorney is a Minnesota *resident*. Yet, citizenship is determined by an individual's domicile, e.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990), and residence and domicile are not synonymous, see Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district court properly determined it lacked diversity jurisdiction where

Following removal, the parties proceeded with discovery, during which Hansen identified the manufacturer of the can in question (Ball Corporation ("Ball")) and the entity that filled that can with Monster Energy Drink (Cold Spring Brewing Company ("Cold Spring")). Gorney then sought leave to amend his Complaint to add Ball and Cold Spring as Defendants. Hansen stipulated to that amendment (see Doc. No. 15), and Gorney filed an Amended Complaint (Doc. No. 21) against Hansen, Ball, and Cold Spring. The Amended Complaint alleges that Ball is an Indiana corporation with its principal place of business in Colorado (id. ¶ 4), but alleges only that Cold Spring is a Colorado corporation "doing business in" Minnesota (id. ¶ 3). In other words, the Amended Complaint does not aver the location of Cold Spring's principal place of business – a necessary fact for determining whether diversity exists. See 28 U.S.C. § 1332(c)(1) (corporation's citizenship determined by its place of incorporation *and* principal place of business). And it is now clear that Cold Spring's principal place of business is, in fact, located in Minnesota. (See Answer (Doc. No. 28) ¶ 3.)

Based on the foregoing, it is apparent that Cold Spring's addition to this case has destroyed diversity jurisdiction. Unfortunately, no party seems to have recognized this problem before Gorney sought leave to amend the Complaint, or before the Amended Complaint was filed.

The Court is not without guidance in this situation, however. The Eighth Circuit has counseled that "when a trial court grants a plaintiff leave to amend the complaint by

---

complaint alleged only residency of plaintiffs). Nevertheless, there does not appear to be any dispute that Gorney is a Minnesota domiciliary and, hence, a Minnesota citizen.

naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision" granting amendment. Bailey v. Bayer CropScience, L.P., 563 F.3d 302, 307 (8th Cir. 2009). The Amended Complaint "should be considered a nullity and the Court given an opportunity to consider whether justice requires that [the plaintiff] be permitted to join [the additional] defendant." Id. (citation omitted). That is consistent with 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action." Whether to permit diversity-destroying joinder in this situation lies in the Court's sound discretion, and in exercising that discretion, consideration must be given to, among other things, the extent to which joinder of the nondiverse party is sought to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, and whether the plaintiff will be significantly injured if amendment is disallowed. Bailey, 563 F.3d at 309; Ryan *ex rel.* Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (*per curiam*).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Amended Complaint (Doc. No. 21) is **STRICKEN**. If Gorney desires to add Cold Spring to this case, he shall file a Motion for Leave to Amend and supporting memorandum before the undersigned on or before April 29, 2011. Any such Motion shall address the factors set forth in Bailey regarding the propriety of amendment under the present circumstances. Defendants (including any proposed Defendants) shall jointly serve and file a memorandum in response to Gorney's Motion on or before May

13, 2011.  After the Motion (if any) has been fully briefed, the Court will advise the parties if it desires a hearing.[2]

Date:  April 12, 2011                                                      s/Richard H. Kyle
                                                                                          RICHARD H. KYLE
                                                                                          United States District Judge

---

[2] If the Court were to grant leave to add Cold Spring, diversity would be destroyed and remand would be required.  Remand might be appropriate for another reason, however.  As noted above, the initial Complaint alleged that Gorney cut his mouth on a "small piece of glass," necessitating medical attention.  It did not allege any claim for lost wages, emotional distress, permanent injury, or any other type of damages.  Nevertheless, the Complaint demanded "an amount greater than Fifty Thousand and no/100 Dollars."  Hansen removed the action to this Court on the basis of these bare-bones allegations, asserting in its Notice of Removal that "[u]pon information and belief, the amount in controversy exceeds $75,000."  And indeed, in his Amended Complaint Gorney now seeks in excess of $75,000, the threshold for diversity jurisdiction.  Yet, the Court harbors serious doubts whether $75,000 actually is in controversy here.  It is dubious that a cut caused by a "small piece of glass" entitles Gorney to recover such a sizeable amount, especially without any suggestion that he suffered a permanent injury (or other type of significant injury).  And it makes no difference that Gorney has *alleged* that his damages are that high.  See, e.g., James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) ("We do not assume the claimed amount is the actual amount in controversy if the court questions whether the amount alleged is legitimate.") (internal quotation marks and citation omitted); Mo. ex rel. Pemiscot County, Mo. v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) ("The plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue.").  Simply put, the parties should consider whether this case involves an amount sufficient to invoke diversity jurisdiction, or rather whether it belongs in state court.