# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

James Derek Gorney,

                        Plaintiff,

                                                            Civ. No. 10-2386 (RHK/JSM)

v.                                                       **ORDER FOR REMAND**

Hansen Beverage Company, Cold Spring
Brewing Company, and Ball Corporation,

                        Defendants.

---

      This matter is before the Court *sua sponte*.

      This is a personal-injury action in which Plaintiff James Derek Gorney alleges that he was injured by a piece of glass inside a can of Monster Energy Drink designed, produced, manufactured, distributed, and/or sold by Defendant Hansen Beverage Company ("Hansen"). He commenced this action in Hennepin County, Minnesota District Court, seeking an unspecified "amount greater than" $50,000 in accordance with Minnesota pleading rules. See Minn. R. Civ. P. 8.01. Hansen subsequently removed the action to this Court, asserting diversity jurisdiction and claiming that the amount in controversy exceeds $75,000.

      By Order dated April 12, 2011, the Court questioned whether the amount in controversy in this action exceeds $75,000, given the limited nature of the injuries Gorney allegedly suffered. (See Doc. No. 29 at 4 n.2.) In response, Gorney filed a Motion to Remand, and later filed a Stipulation indicating that he cannot – and will not –

recover more than $75,000 on his claims.  (See Doc. No. 33.)  He also "expressly waived any claim for damages in excess of the jurisdictional amount."  (Id.)

Generally speaking, a plaintiff cannot defeat the existence of diversity jurisdiction that has already attached by stipulating to an amount below the $75,000 jurisdictional threshold after removal.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938).  But "the rule from St. Paul Mercury has 'consistently been applied to cases in which the petition at the time of the removal *expressly stated a claim in excess of the jurisdictional amount*, and therefore, removal jurisdiction had already attached.'"  Ingram v. Procter & Gamble Paper Prods. Co., No. 4:11-CV-549, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011) (emphasis added) (quoting Halsne v. Liberty Mut. Grp., 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999)).  By contrast, where a plaintiff's state-court complaint pleads only a general amount that does not on its face exceed the jurisdictional minimum, "this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading."  Id. (collecting cases); accord, e.g., Smith v. Eye Safety Sys., Inc., Civ. No. 06-1398, 2007 WL 128837, at *1-2 (D. Minn. Jan. 12, 2007) (Magnuson, J.); Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d 943, 946, 949 (D. Minn. 1999) (Alsop, J., adopting Report & Recommendation of Boylan, M.J.).

Gorney's Stipulation here clarifies, based on the limited nature of his injuries, that he cannot recover more than $75,000 in this case.  His Stipulation accords with the Court's own concerns whether " a cut caused by a 'small piece of glass' entitles Gorney

- 3 -

to recover" more than $75,000, "especially without any suggestion that he suffered a permanent injury (or other type of significant injury)." (Doc. No. 29 at 4 n.2.) The Court finds that Gorney's Stipulation is not an attempt to amend his Complaint to avoid federal jurisdiction, but rather clarifies that federal jurisdiction never existed in the first place, based on the *de minimis* nature of his injuries.

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED** that this action is **REMANDED** to the Hennepin County, Minnesota District Court. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Hennepin County District Court.

Date: May 17, 2011                             s/Richard H. Kyle
                                               RICHARD H. KYLE
                                               United States District Judge